## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:14-cv-413-FDW

| | | |
|---|---|---|
| **DEQUAN GILMORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **BROWN CREEK PRISON,** | ) | |
| **ANSON COUNTY; HERB** | ) | |
| **JACKSON; SARAH COBB,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint

that was filed pursuant to 42 U.S.C. § 1983, and Plaintiff's application to proceed *in forma*

*pauperis*.[1]

## I.     BACKGROUND

Plaintiff was a prisoner of the State of North Carolina and confined in the Brown

Correctional Institution when he alleges that he was attacked by four gang members. Plaintiff

states that he was waiting in line to use the phone when one of the gang members broke in front of

him in line. Plaintiff informed the gang member that it was wrong for him to break in line and the

gang member then hit him in the face and his three cohorts joined in the fray. Plaintiff alleges that

he suffered serious physical injury and that prison staff failed to respond to break up the fight in a

timely manner. In his claim for relief, Plaintiff seeks compensatory and punitive damages and a

permanent injunction.

## II.     STANDARD OF REVIEW

---

[1] The Court has examined Plaintiff's affidavit and his prisoner trust account and finds that he does not have sufficient
funds from which to prepay the costs of this civil action. Plaintiff's motion to proceed *in forma pauperis* will therefore
be allowed.

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III.     DISCUSSION

Plaintiff was a prisoner of the State of North Carolina at the time of the alleged beating and at the time that he filed his complaint. Accordingly, Plaintiff must abide by the mandatory requirements of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v.

Churner, 532 U.S. 731, 739 (2001)). The <u>Porter</u> Court went on to stress that the exhaustion requirement must be met before commencement of the suit. <u>Id.</u> Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. <u>See</u> <u>Jones v. Bock</u>, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. <u>Anderson v. XYZ Corr. Health Servs.</u>, 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

<u>Anderson</u>, 407 F.3d at 683.

In North Carolina, State prisoners must complete a three-step administrative remedy procedure (ARP) in order to exhaust their administrative remedies. <u>See</u> N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); <u>Moore v. Bennette</u>, 517 F.3d 717, 721 (4th Cir. 2008).

In Plaintiff's complaint, he plainly admits that he did not participate in the State administrative remedy procedure prior to filing this civil action. (3:14-cv-413, Doc. No. 1 at 4). Plaintiff explains that he was transferred from Brown Creek Correctional to New Hanover

Correctional and there are no grievance procedures at New Hanover. (Id., Doc. No. 3: Prisoner Administrative Remedy Statement). However, the fact that Plaintiff may have been transferred to another facility does not excuse his failure to file a grievance while at Brown Correctional or even following his transfer. This is especially true because Plaintiff remained at Brown Correctional for nearly three weeks after the fight and before he was transferred. (Doc. No. 1 at 6). See Jackson v. Studel, 3:10CV177-MU-02, 2010 WL 1689095, at *2 (W.D.N.C. Apr. 26, 2010) (noting that transfer between prisons does not excuse compliance with the PLRA) (quoting Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002) ("The fact that [plaintiff] happened to be a prisoner in various locations, and under the custody of different officials, does not affect his obligation to exhaust his administrative remedies before filing suit.

Based on the foregoing review of the record, it appears that Plaintiff has failed to exhaust his administrative remedies. Accordingly, this civil action will be dismissed without prejudice.

## IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. (Doc. No. 2).

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: October 31, 2014

Frank D. Whitney
Chief United States District Judge